UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

BRYAN WAYNE LANDRY                          CIVIL ACTION NO. 25-0780

                                            SECTION P

VS.

                                            JUDGE JERRY EDWARDS, JR.

MICHAEL SINGLEY, ET AL.                     MAG. JUDGE KAYLA D. MCCLUSKY

## REPORT AND RECOMMENDATION

Plaintiff Bryan Wayne Landry, who proceeds pro se and in forma pauperis, filed this proceeding on approximately June 4, 2025, under 42 U.S.C. § 1983.  He names the following defendants: Ouachita Parish Sheriff's Department, Deputy Michel Singley, Sheriff J. Russell, Deputy Timothy Fisher, Deputy Rutledge, Major Mike Moore, Deputy Muirhead, and Deputy Antley.[1]  For reasons that follow, the Court should dismiss Plaintiff's claims.

## Background

Plaintiff states that deputies with the Ouachita Parish Sheriff's Department responded to a "911 hangup," at a "large property with multiple domiciles."  [doc. # 1, p. 8].  He states that the deputies identified, chased, and detained an "unrelated resident."  *Id.*  He claims that after "that person was already in custody," deputies entered his domicile without a warrant and then searched for, and tested, "illegal substances."  *Id.* at 8-9.  He claims that deputies falsely arrested him without a warrant for attempting to resist arrest, possessing a Schedule I controlled substance, and public "lewdity."  [doc. #s 1, p. 9; 5, p. 2].  He maintains that he is innocent of the

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636, and the standing orders of the Court.

charges; however, he pled guilty to "Suspicion to Resisting Arrest, Possession Schedule I, [and] Public Ludity." *Id.*

Plaintiff claims that Defendants posted his image and his charges on the Ouachita Parish Sherriff's Department's website.  [doc. # 1, p. 9].

In an amended pleading, Plaintiff alleges "physical damage to my back and neck from beating of these 7 officers have medical records to prove not been able to work since. [sic]." [doc. # 5, p. 2].

For relief, Plaintiff seeks monetary compensation and the deletion of his arrest record from the Ouachita Parish Sheriff's Department's website.  [doc. # 1, p. 7].

## Law and Analysis

### 1. Preliminary Screening

Because Plaintiff is proceeding in forma pauperis, his Complaint is subject to screening under § 1915(e)(2).  Section 1915(e)(2)(B) provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).  A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327.  Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless.  *Id.*

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly,*

550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).  A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570).  Plausibility does not equate to possibility or probability; it lies somewhere in between.  *Id.*  Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *Twombly*, 550 U.S. at 556.

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra.*  A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely.  *Twombly, supra.*

In making this determination, the court must assume that all the plaintiff's factual allegations are true.  *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998).  However, the same presumption does not extend to legal conclusions.  *Iqbal, supra.*  A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8.  *Id.*  A complaint fails to state a claim where its factual allegations do not "raise a right to relief above the speculative level."  *Montoya v. FedEx Ground Package Sys., Inc*., 614 F.3d 145, 148 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555).  "[U]nadorned, the-defendant unlawfully-harmed-me accusation[s]" will not suffice.  *Iqbal*, 556 U.S. at 677.

"[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim."  *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010).  Courts are "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint."  *Macias v. Raul A.*

*(Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted). Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

## 2. *Heck v. Humphrey*

The Court should, under *Heck v. Humphrey*, 512 U.S. 477 (1994), dismiss Plaintiff's claims that (i) deputies entered his domicile without a warrant and then searched for, and tested, "illegal substances" and (ii) deputies falsely arrested him without a warrant for attempting to resist arrest, possessing a Schedule I controlled substance, and public "lewdity."

A successful civil rights action that would necessarily imply the invalidity of a plaintiff's conviction or sentence must be dismissed unless the plaintiff first shows that the conviction or sentence has been reversed, expunged, declared invalid, or called into question by a federal court's issuance of a writ of habeas corpus. *Id.* at 477. Courts assess "whether a claim is temporally and conceptually distinct from the related conviction and sentence." *Smith v. Hood*, 900 F.3d 180, 185 (5th Cir. 2018) (internal quotation marks and quoted source omitted). Courts "ask whether the claims are necessarily inconsistent with the conviction, or whether they can coexist with the conviction or sentence without calling [it] into question." *Id.*

Here, prevailing on the false arrest claim would necessarily imply the invalidity of

4

Plaintiff's convictions for "Suspicion to Resisting Arrest, Possession Schedule I, [and] Public Ludity."  "'[F]alse arrest . . . claims challenge the existence of probable cause and, thus, by their essence are collateral attacks on a criminal judgment's validity.'"  *Thomas v. Pohlmann*, 681 F. App'x 401, 406 (5th Cir. 2017) (quoting *Cormier v. Lafayette City-Par. Consol. Gov't*, 493 Fed. App'x. 578, 583 (5th Cir. 2012)).  When a plaintiff pleads guilty to a charge for which he was arrested, allowing him to proceed on his false arrest claim "would necessarily implicate the validity of [his] convictions because the same conduct that formed the probable cause for [his] arrest also provided the basis for [his] convictions."  *Id.* (citing *Wells v. Bonner*, 45 F.3d 90, 95 (5th Cir. 1995) ("[The plaintiff's] proof to establish his false arrest claim, i.e., that there was no probable cause to arrest [for the crime for which he was ultimately convicted], would demonstrate the invalidity of [the conviction].")).[2]

Next, prevailing on the unlawful search claims would necessarily imply the invalidity of Plaintiff's drug possession conviction.  His allegations that defendants entered his home without a warrant and then tested the substance for which he pleaded guilty to possessing are collateral attacks on his conviction because the conviction is founded on evidence derived from the

---

[2] *See also Connors v. Graves*, 538 F.3d 373, 377 (5th Cir. 2008) (noting that a guilty plea is a conviction and reasoning that, if the plaintiff "were to prevail on his unlawful seizure claim, he would necessarily undermine the validity of these convictions."); *Ballard v. Burton*, 444 F.3d 391 (5th Cir. 2006) (holding that *Heck* applies even where a plaintiff pled guilty under *Alford* and maintained his innocence); *Queen v. Purser*, 109 Fed. App'x. 659, * 1-2 (5th Cir. 2004) (former inmate's false arrest claim necessarily challenged whether evidence, which officer seized following an allegedly illegal stop, and which led to his subsequent conviction, supplied probable cause for his arrest; thus claim was not cognizable absent showing that the conviction had been invalidated); *Chande v. Moore*, 606 F. App'x 238, 239 (5th Cir. 2015) ("Because a showing that there was no probable cause for the challenged entry, search, seizure, and arrest would call into question the validity of [plaintiff's] resulting conviction for unlawful possession of a controlled substance with intent to deliver in a drug-free zone," the plaintiff's claims were barred by *Heck*); *Goldston v. City of Monroe ex rel. Monroe Police Dep't*, 621 F. App'x 274 (5th Cir. 2015).

searches. *See Schield v. Brawner*, 569 F. App'x 236 (5th Cir. 2014) (holding, where the plaintiff alleged that defendants "conducted an illegal search and seizure on his property, which resulted in the discovery of the [] drugs and ultimately led to his 2011 conviction[,]" that *Heck* barred the claims); *Hall v. Lorenz*, 48 F. App'x 481 (5th Cir. 2002) ("Hall's claims regarding his allegedly illegal arrest and illegal search and seizure, if successful, would undermine the validity of his felony drug conviction."); *Cornett v. Longois*, 275 F.3d 42 (5th Cir. 2001) ("Moreover, the true nature of the claim appears to be that the officers' illegal search of his home violated his First and Fourth Amendment rights. . . . [B]ecause the claim would implicate the validity of his criminal conviction if successful, it is barred by *Heck v. Humphrey* . . . ."); *Cougle v. Cty. of DeSoto, Miss.*, 303 F. App'x 164, 165 (5th Cir. 2008) ("The district court correctly recognized that the allegations of unlawful search and arrest in this case, if true, would necessarily imply the invalidity of the revocation of Cougle's probation, which was based, at least in part, on the same search and arrest.").[3, 4]

---

[3] *See also Chande v. Moore*, 606 F. App'x 238, 239 (5th Cir. 2015) ("Because a showing that there was no probable cause for the challenged entry, search, seizure, and arrest would call into question the validity of Chande's resulting conviction for unlawful possession of a controlled substance with intent to deliver in a drug-free zone, the district court correctly determined that Chande's claims were barred by *Heck*."); *Shugart v. Six Unknown Fannin Cty. Sheriffs*, 694 F. App'x 299 (5th Cir. 2017).

[4] While "a suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a state criminal trial . . . [b]ecause of doctrines like independent source[,] inevitable discovery, and [] harmless error," Plaintiff does not allege that any of these doctrines apply. *See Heck*, 512 U.S. at n.7 (alterations to original and cited sources omitted); *see also Hudson v. Hughes*, 98 F.3d 868, 872 (5th Cir. 1996) ("If proved, however, [the plaintiff's] false arrest claim necessarily would call into question his conviction as a felon in possession of a firearm. Specifically, if the arresting officers lacked probable cause to arrest Hudson for burglary and the arrest is invalid, the firearm discovered in Hudson's possession as a result of the arrest would be subject to suppression under the Fourth Amendment as the 'fruit' of an illegal arrest. Moreover, it is improbable that doctrines such as independent source, inevitable discovery and harmless error would permit the introduction of the firearm as evidence in this case . . . .").

Plaintiff may not seek damages for his claims of false arrest and unlawful searches until his convictions are reversed, expunged, declared invalid, or called into question by a federal court's issuance of a writ of habeas corpus. The Court should dismiss these claims.

**3. Posting Plaintiff's Image on Website**

Plaintiff claims that Defendants posted his image and charges on the Ouachita Parish Sherriff's Department's website. [doc. # 1, p. 9].

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Ashcroft*, 556 U.S. at 662.

Here, Plaintiff does not identify a particular responsible defendant for these claims. *See Alderson v. Concordia Par. Corr. Facility*, 848 F.3d 415, 421 (5th Cir. 2017) (dismissing a claim that supervisory officials failed to correctly house the plaintiff because despite the magistrate judge's instruction to "state what each defendant did[,]" the plaintiff did not identify a responsible defendant). At best, Plaintiff alleges that all defendants are responsible. However, the Court disregards bare assertions of collective responsibility unsupported by concrete factual allegations. *Martinez v. City of N. Richland Hills*, 846 F. App'x 238, 243 (5th Cir. 2021) (dismissing claims because the pleading only referred to the defendants collectively and "without specific distinction as to individual knowledge possessed, and the action and/or inaction committed by each."); *see Jones v. Hosemann*, 812 F. App'x 235, 238-39 (5th Cir. 2020) ("It is not enough for a plaintiff to simply allege that something unconstitutional happened to him. The plaintiff must plead that each defendant individually engaged in actions that caused the

unconstitutional harm.").[5]  Accordingly, the Court should dismiss this claim.

## 4. Statute of Limitations

In an amended pleading, Plaintiff alleges, "physical damage to my back and neck from beating of these 7 officers have medical records to prove not been able to work since. [sic]." [doc. # 5, p. 2].

District courts are authorized to dismiss claims as frivolous if "it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations." *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994); *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993).  A district court may raise the limitation period sua sponte.  *See Harris v. Hegmann*, 198 F.3d 153 (5th Cir. 1999).

The statute of limitations for Section 1983 actions is the same as the statute of limitations in a personal injury action in the state in which the claim accrues.  *Wilson v. Garcia*, 471 U.S. 261, 279-80 (1984).  Thus, Louisiana's one-year personal injury statute of limitations, under LA. CIV. CODE art 3492, applies here.[6]  *Lavellee v. Listi*, 611 F.2d 1129 (5th Cir. 1980).

However, the date of accrual for a Section 1983 claim is a question of federal law.

---

[5] *See also Armstrong v. Ashley*, 60 F.4th 262, 274-75 (5th Cir. 2023) ("Armstrong's allegation also suffers from the distinct problem of group pleading: she simply faults the eight Law Enforcement Defendants as a group without factual material suggesting that any particular defendant suppressed evidence. Armstrong's allegation is independently insufficient for that reason since a § 1983 plaintiff must plead that each Government-official defendant, though the official's own individual actions, has violated the Constitution.").

[6] "The Louisiana Legislature has recently repealed its one-year prescription on delictual actions, or torts, and substituted it with a two-year prescription." *Sibley v. Touro LCMC Health*, 2024 WL 5118489, at n.5 (5th Cir. Dec. 16, 2024) (citing LA. CIV. CODE. art. 3493.1 (2024)).  "But that amendment only applies prospectively to actions arising after July 1, 2024." *Id.*  Because Plaintiff alleges that the Defendants' actions arose before July 1, 2024, the one-year period applies.  *See Stanley v. Morgan*, 120 F.4th 467, 470 (5th Cir. 2024), cert. denied, 2025 WL 663720 (U.S. Mar. 3, 2025).

*Piotrowski v. City of Houston*, 51 F.3d 512 (5th Cir. 1995); *Longoria v. City of Bay City*, 779 F.2d 1136 (5th Cir. 1986).  "Under federal law, the limitations period commences when the aggrieved party has either knowledge of the violation or notice of facts which, in the exercise of due diligence, would have led to actual knowledge thereof."  *Piotrowski*, 51 F.3d at 516 (quoting *Vigman v. Community National Bank and Trust Co.*, 635 F.2d 455, 459 (5th Cir. 1981)).  In other words, a claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of the action."  *Brockman v. Texas Dep't of Crim. Just.*, 397 F. App'x 18, 22 (5th Cir. 2010).

Here, Plaintiff attaches a news report from his arrest, which is dated November 9, 2019. [doc. # 5-1].  Thus, his ostensible excessive force claims arose at the latest on that date.[7]

Plainly, Plaintiff knew of the alleged excessive force the day it occurred.  *See Morrill v. City of Denton, Texas*, 693 F. App'x 304, 307 (5th Cir. 2017) (holding that the constitutional injury was complete on the day the alleged excessive force took place); *Armstrong v. Serpas*, 670 F. App'x 851, 852 (5th Cir. 2016).  Thus, Plaintiff had one year from November 2019, or until November 2020, to file his claims.  As Plaintiff did not file this proceeding until, at the earliest, June 2025, the statute of limitations bars the claims.

The limitations period is subject to state tolling and equitable tolling in certain circumstances.  "[E]quitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable."  *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995) (citing *Burnett v. N.Y. Cent. R.R. Co.*, 380 U.S. 424, 428 (1965)).  The plaintiff bears the burden of establishing that equitable tolling applies.  *Rotella v. Pederson*, 144 F.3d 892 (5th Cir.

---

[7] The article indicates that the arrest report from Plaintiff's arrest was dated October 28, 2019. *Id.*

9

1998); *see also Ramirez v. City of San Antonio*, 312 F.3d 178, 183 (5th Cir. 2002) ("We have found that equitable tolling may be appropriate when 'the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'") (quoting *Teemac v. Henderson*, 298 F.3d 452, 457 (5th Cir. 2002)).  Tolling can apply where "extraordinary circumstance[s] prevent[]" a plaintiff from filing suit.  *Richards v. Gonzales*, 2022 WL 3226621, at *1 (5th Cir. Aug. 10, 2022).  Here, Plaintiff does not argue that his claims were tolled.  He does not allege, for instance, that any person's affirmative conduct reasonably induced him to forego filing suit within the limitations period.[8]

Accordingly, the Court should dismiss these claims as untimely.

### Recommendation

For the reasons above, **IT IS RECOMMENDED** that Plaintiff Bryan Wayne Landry's false arrest and unlawful search claims be **DISMISSED WITH PREJUDICE**, as legally frivolous and for failure to state claims on which relief may be granted, until the *Heck* conditions are met.

**IT IS FURTHER RECOMMENDED** that Plaintiff's remaining claims be **DISMISSED WITH PREJUDICE** as untimely, legally frivolous, and for failing to state claims on which relief may be granted.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or

---

[8] If Plaintiff contends that his claims were tolled for any reason, he may present his contention in an objection to this Report and Recommendation.

response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 3rd day of July, 2025.


Kayla Dye McClusky
United States Magistrate Judge

11